UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL MCGEE,

        Petitioner,

  v.                                    Case No. 06-C-1151

BYRAN BARTOW,

        Respondent.

---

**ORDER**

---

Michael McGee filed this petition pursuant to 28 U.S.C. § 2254, asserting that his confinement under Chapter 980 was imposed in violation of the Constitution. I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner claims his incarceration under Chapter 980 violates the Constitution because it is based on a diagnosis of personality disorder that does not correspond to the requirements of due process. *See Kansas v. Crane,* 534 U.S. 407 (2002). It is unclear whether he has exhausted this argument, however: it seems that petitioner is asserting that the state court and state public defender deliberately glossed over this issue on appeal and focused instead on the sufficiency of the evidence.

Petitioner also states that he attempted to bring the due process issue to the state courts via *pro se* post-confinement motions.

Petitioner also filed with his petition a request to proceed in forma pauperis. Under Rule 3 of the Rules Governing § 2254 Cases, the petitioner is required to file an affidavit of indigence as required by § 1915. He has done so, and I am satisfied that he lacks sufficient funds to proceed here. Accordingly, his request to proceed without prepayment of costs will be granted.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this   14th   day of November, 2006.

                                         s/ William C. Griesbach
                                         William C. Griesbach
                                         United States District Judge